UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Azael Dythian Perales</u>

   v.                                             Civil No. 11-cv-583-PB

<u>United States of America, et al.</u>

### REPORT AND RECOMMENDATION

Azael Dythian Perales has filed an action in this court which he has identified as arising under 28 U.S.C. § 2241 (doc. no. 1). The matter is before the court for preliminary review to determine whether the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); <u>id.</u> Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B) (requiring magistrate judge to preliminarily review pro se in forma pauperis action to determine whether it states any claim upon which relief might be granted).

**Standard of Review**

Pursuant to § 2254 Rule 4, a judge is required to promptly examine any petition for habeas relief, and if "it plainly

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." Id.  In undertaking this review, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible and cognizable in a petition for federal habeas relief.  See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (standard of review applicable in determining if complaint states viable claims).

## Discussion

Perales is a frequent federal court litigant.  A review of PACER's case index reveals that plaintiff has filed more than sixty actions in various federal courts around the country since 2009, including many that appear to be nearly identical to the case at bar.

The court has reviewed Perales's petition (doc. no. 1) and all of the other filings by Perales in this action.  The petitioner has named hundreds of defendants, including two judges of this court and all New Hampshire state court judges, many individuals, some of whom appear to be government employees, and multiple government agencies, including every

agency of the state of New Hampshire.  Perales has also filed many documents with his petition, some of which appear to refer to litigation in other courts.  In addition to documents, Perales has filed, in connection with this action, bottles and bags containing pills, numerous business cards, receipts, brochures, and other papers.

## Jurisdiction

Perales purports to file this petition pursuant to 28 U.S.C. § 2241, a statute authorizing the court to grant a writ of habeas corpus to a prisoner held in custody in violation of the laws or constitution of the United States.  The petition presently before the court does not demonstrate that Perales is a prisoner or is otherwise in custody, as required to obtain relief under § 2241.  Section 2241, provides in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

To pursue habeas corpus review in federal court, the petitioner must satisfy two jurisdictional requirements: (1) that the petitioner be "in custody," and (2) that the petition challenge the legality of that custody on the ground that it is in violation of the Constitution or laws or treaties of the

United States.  See Maleng v. Cook, 490 U.S. 488, 490 (1989) (federal courts may entertain § 2241 petitions filed by individuals who are in custody at the time action is filed); see Leitao v. Reno, 311 F.3d 453, 455 (1st Cir. 2002) (petitioner satisfies "jurisdictional custody requirement" of § 2241 where he is in custody when petition is filed).  The court is obliged to be alert to jurisdictional requirements, and to address any jurisdictional defects sua sponte.  See Gonzalez v. Thaler, 132 S. Ct. 641, 648 (2012); Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 593 (2004); Spooner v. EEN, Inc., 644 F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte.").  Because nothing in the Petition shows that Petitioner was "in custody" at the time he filed the petition in this case, he has failed to invoke this court's subject matter jurisdiction over this matter.

Even if Perales had invoked the jurisdiction of the district court, however, this court would recommend the action be dismissed.  Notwithstanding its generous reading of Perales's filings, the court cannot construe any cause of action, cognizable in a § 2241 action or otherwise, asserted therein.

4

**Conclusion**

For the foregoing reasons, the court recommends the petition be dismissed in its entirety, for lack of subject matter jurisdiction.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 181 L. Ed. 2d 268 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

March 5, 2012

cc: Azael Dythian Perales, pro se

LBM:jba

5